M. Sylvain **LEDEE**, et al., Plaintiffs,

v.

**CERAMICHE RAGNO**, et al., Defendants.

Civ. No. 81–0780.

United States District Court, D. Puerto Rico.

Nov. 16, 1981.

A. Valentín Adames, Benny Frankie Cerezo, Río Piedras, P. R., for plaintiffs.

Fernando González-Gierbolini, Goldman, Antonetti & Dávila, Santurce, P. R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This case commenced with the filing of a complaint in the Superior Court of Puerto Rico, San Juan Part, on March 13, 1981. Plaintiffs, Captain Sylvain Ledee, Inc., and Ledee, Inc., corporations organized under the laws of the Commonwealth of Puerto Rico with their principal place of business in San Juan, Puerto Rico, and plaintiff M. Sylvain Ledee, a citizen of the Commonwealth of Puerto Rico, sued Ceramiche Ragno and Ragno Due, S.P.A., Italian corporations, for the alleged illegal termination of a distributorship contract. Defendants filed a petition for removal to this Court based on diversity of jurisdiction, 28 U.S.C. § 1441.

Plaintiffs and defendants entered into a distributorship agreement, dated April 22, 1971, pursuant to which defendants granted plaintiffs the exclusivity of sales and distribution of its products, ceramic tiles, in the Antilles. By letter dated December 1, 1980, plaintiffs were notified by defendants of the termination of the contractual agreement.

On October 23, 1981, defendants filed a Motion Requesting Plaintiffs to Arbitration and Dismissing Action for Lack of Subject Matter Jurisdiction. No opposition has been filed thereto.

### Factual Background

The complaint alleges that defendants illegally terminated the distributor relationship with plaintiffs and granted the distribution of its products to plaintiffs' competitors without giving any compensation for plaintiffs' efforts or the goodwill created by them, thus, causing them damages, and, thus, violating Law 75 of June 24, 1964, as amended, 10 L.P.R.A. 278, et seq. The complaint further alleges that plaintiffs have in stock more than $210,000 in products acquired from defendants to be sold under the terms of the contract which have not been compensated for by the defendants, who have affected plaintiffs' capacity to dispose of the products.

Defendants argue that they have an agreement with plaintiffs to arbitrate which falls within the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (hereinafter referred to as "the Convention"), [1970] 3 U.S. T.2517, T.I.A.S. No. 6997 (reprinted following 9 U.S.C.A. § 201, 1981 supp.), and the amendments to the United States Arbitration Act, 9 U.S.C. § 201, et seq., enacted to implement and enforce the Convention. The United States ratified the Convention on September 30, 1970,[1] and Italy ratified the same on January 31, 1969. See, *McCreary Tire and Rubber Co. v. C E A T*, 501 F.2d 1032, 1036 (3 Cir., 1974).

Article II, Section 1, of the Convention, provides that each contracting state "shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, ... concerning a subject matter capable of settlement by arbitration.". Article II, Section 2, defined an agreement in writing as including "an arbitral clause in a contract or an arbitration agreement, signed by the parties....". The United States has limited the scope of Article II, Section 1, by applying "the Convention only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under the national law of the United States.". See, 9 U.S.C. § 201, Note 29. Thus, 9 U.S.C. § 202 provides that "(a)n arbitration agreement or

---

1. The United States acceded to the Convention with the reservations set forth in Article I, Section 3:

   "3. When signing, ratifying, or acceding to this Convention, or notifying extension under Article X hereof, any State may on the basis of reciprocity declare that it will apply the Convention to the recognition and enforcement of awards made only in the territory of another Contracting State. It may also declare that it will apply the Convention only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under the national law of the State making such declaration."

arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract or agreement described in section 2 of this title, [Arbitration Act] falls under the Convention.". 9 U.S.C. § 2 recognizes the validity of "a written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.".

In this case, there is an express agreement to arbitrate. Attached to plaintiffs' complaint as Exhibit A is a copy of the distributorship contract in its original version in the French language. Defendants filed a certified translation of the same in the English language. Paragraph 9 of the contract provides:

"Any dispute related to the interpretation and application of this contract will be submitted to an arbiter selected by the President of the Tribunal of Modena, who will judge as last resort and without procedural formalities."

Therefore, 9 U.S.C. § 202 is satisfied.

The complaint shows on its face that it involves a transaction involving foreign commerce. The dispute, as the one in *Siderius v. Compañía de Acero del Pacífico*, 453 F.Supp. 22 (S.D.N.Y., 1978), arose out of classical commercial relationship, one involving the purchase and sale of goods by two corporations. See also, *Beromun Aktiengesellschaft v. Societa, etc.*, 471 F.Supp. 1163 (S.D.N.Y., 1979) and *Hilti, Inc. v. Oldach*, 392 F.2d 368, 371, n.6 (1 Cir., 1968). Whether there has been an illegal termina-

tion of the distributorship agreement or whether there has been just cause to terminate the same, are subject matters capable of resolution by arbitration. The arbitration clause included in the contract is broad enough to include a claim based on the allegedly arbitrary and illegal termination of the contract.

9 U.S.C. § 203 provides that an action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States and that the district courts of the United States shall have original jurisdiction over such an action or proceeding regardless of the amount in controversy. Although this case was removed on diversity grounds, it was also removable pursuant to 9 U.S.C. § 205. Furthermore, 9 U.S.C. § 206 authorizes this Court to "direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States".

The Convention specifically provides for the relief sought by defendants in their motion. Article II, Section 3, states as follows:

"The court of a Contracting State, when seized of an action in a matter in respect of which the parties have made an agreement within the meaning of this article, shall, at the request of one of the parties, refer the parties to arbitration, unless it finds that the said agreement is null and void, inoperative and incapable of being performed." [2]

The United States Court of Appeals for the Third Circuit, in *McCreary Tire and Rubber Co. v. C E A T, supra,* has indicated the mandatory nature of said statute.[3]

In *Siderius v. Compañía de Acero del Pacífico, supra,* the court described the re-

---

2. Even though Section 3(B) of the Act, L.P.R.A. 278(b 2) provides that any stipulation binding a dealer to arbitrate outside of Puerto Rico any claim that may arise from a dealership contract shall be deemed as contravening the public policy embodied in the Act, and consequently, null and void, the section was added by Act No. 75 of June 23, 1978, and is therefore not applicable to the present case. To hold otherwise would constitute a retroactive application of the provisions of said section, barred by the

same considerations which barred the retroactive application of the Dealer's Act as originally enacted. See, *Warner Lambert Co. v. Superior Court,* 101 D.P.R. 378 (1973).

3. The Court stated in *McCreary Tire and Rubber Co.,* at 1057:
"There is nothing discretionary about article II(3) of the Convention. It states that district courts shall at the request of a party to an arbitration agreement refer the parties to arbitration. The enactment of Pub.L. 91 368 [9

ferral procedure of Article II, Section 3, as being final and held that such finality, together with the absence of any provision for the retention of jurisdiction after referral by the court, indicated that dismissal of the complaint for lack of subject matter jurisdiction is the appropriate remedy under the Convention.

In view of the above, this Court GRANTS defendants' motion and directs plaintiffs to proceed to arbitration pursuant to Paragraph 9 of the Distributorship Contract, Exhibit A, attached to the Complaint. The complaint is hereby DISMISSED.

IT IS SO ORDERED.

U.S.C. 201, et seq.] providing a federal remedy for the enforcement of the Convention, ... demonstrates the firm commitment of the Congress to the elimination of vestiges of judicial reluctance to enforce arbitration agreements, at least in the international commercial context."